WD/NC Agreed Order (Rev. 9/2021)

**FILED**
Charlotte, NC

AUG 16 2022

Clerk, US District Court
Western District NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 0419 5:04CR00028-004 |
| | ) | |
| Jamie Danielle Greene | ) | |
| Defendant | ) | |

### AGREED ORDER AND JUDGMENT
### TO REVOKE SUPERVISED RELEASE

Upon Petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Jamie Danielle Greene, for good cause shown therein, and based on agreement of the parties as set forth herein:

AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant stipulates and agrees that the government may prove the facts pertaining to the New Law Violations alleged in the Petition by way of the written proffer set forth by the Probation Office in the Petition. That written proffer provides as follows:

1. **NEW LAW VIOLATION (Date violation concluded: 4/29/2022).**

    The defendant has violated the condition of supervision that states, "You must not commit another federal, state, or local crime." Specifically, on 4/29/2022, the defendant possessed Methamphetamine. A warrant was subsequently issued by the Blowing Rock Police Department for Felony Possession of Methamphetamine (22CR 50413, Count I), in Watauga County, NC. The underlying conduct is also a violation of 21 U.S.C. § 844(a). **(Grade B)**

2. **NEW LAW VIOLATION (Date violation concluded: 4/29/2022).**

The defendant has violated the condition of supervision that states, "You must not commit another federal, state, or local crime." Specifically, on 4/29/2022, the defendant possessed Hydrocodone without a valid prescription. A warrant was subsequently issued by the Blowing Rock Police Department for Misdemeanor Possession of a Schedule III Controlled Substance (22CR 50413, Count II), in Watauga County, NC. The underlying conduct is also a violation of 21 U.S.C. § 844(a). **(Grade B)**

3. **NEW LAW VIOLATION (Date violation concluded: 4/29/2022).**

   The defendant has violated the condition of supervision that states, "You must not commit another federal, state, or local crime." Specifically, on 4/29/2022, the defendant possessed Marijuana. A warrant was subsequently issued by the Blowing Rock Police Department for Misdemeanor Possession of Marijuana up to a 1/2 ounce (22CR 50413, Count III), in Watauga County, NC. The underlying conduct is also a violation of 21 U.S.C. § 844(a). **(Grade B)**

4. **NEW LAW VIOLATION (Date violation concluded: 4/29/2022).**

   The defendant has violated the condition of supervision that states, "You must not commit another federal, state, or local crime." Specifically, on 4/29/2022, the defendant was involved in a motor vehicle accident and left the scene. A citation was subsequently issued by the North Carolina Highway Patrol for Failure to Report an Accident (22CR 701250, Count I), Hit/Run Leaving the Scene of an Accident (22CR 701250, Count II), Reckless Driving (22CR 701250, Count III), and Driving Left of Center (22CR 701250, Count IV), in Watauga County, NC. **(Grade C)**

The defendant does not contest, but does not admit, said facts for the purpose of this supervised release violation proceeding, and the defendant offers no contrary evidence. The defendant further stipulates and agrees that the Court may find facts and make determinations as to guilt or innocence of said New Law Violations based on the written proffer set forth by the Probation Office in the Petition.

With respect to all of the Violations alleged in the Petition except for the New Law Violations, the defendant stipulates and agrees that she did, in fact, violate the conditions of supervised release as alleged. Accordingly, the defendant stipulates and agrees that she has violated the terms and conditions of supervised release in the following respects:

5. **DRUG/ALCOHOL USE (Date violation concluded: 11/10/2021).**

    The defendant has violated the condition of supervision that states, "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court." Specifically, on 9/16/2021, the defendant submitted a urine specimen that was found to be positive for Amphetamine. The defendant admitted to Methamphetamine use on or about 9/14/2021.

    On 10/29/2021, the defendant submitted a urine specimen that was found to be positive for Amphetamine. The defendant admitted to Methamphetamine use on or about 10/26/2021.

    On 11/10/2021, the defendant submitted a urine specimen that was found to be positive for Amphetamine. The defendant admitted to Methamphetamine use on or about 11/5/2021. **(Grade C)**

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant has a Criminal History Category of II and, if the Court finds the defendant guilty of the New Law Violations set forth above, that the defendant's violations are a maximum Grade B.

Based thereon the parties stipulate, pursuant to U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade B violation and a Criminal History Category of II is a term of imprisonment from 6 to 12 months.

If accepted by the Court, the parties agree, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 32.1, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of **NINE (9) months, with no term of supervised release to follow**, as set forth below in the Agreed Sentence section of this Order. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the Petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against her related to those alleged violations.

The defendant further acknowledges that she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

4

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

## APPROVED

_____
Jamie Danielle Greene
Defendant


_____
Attorney for Defendant

_____
Assistant United States Attorney

_____
Supervisory U.S. Probation Officer
Jackie Anderson

_____
U.S Probation Officer
Randy McDaniel

5

## AGREED SENTENCE

Based on the foregoing, the Court finds as fact by a preponderance of the evidence that the Defendant is guilty of the alleged violations of supervised release, including the New Law Violation(s) set forth in the Petition.

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Jamie Danielle Greene be and is hereby SENTENCED to a **term of imprisonment of NINE (9) months** on Count 1sss of the Judgment.

It is further ORDERED that after being released from the sentence of imprisonment ordered herein, the defendant be and is hereby ORDERED to serve **no additional term of supervised release.**

In all other respects, the Judgment previously entered in this matter remains in full force and effect.

So ORDERED and ADJUDGED, this the 16 day of August, 2022.

Kenneth D. Bell
U.S. District Court Judge